# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 18, 2000 Session

## MARTHA BOWEN LANGSCHMIDT v. CARL H. LANGSCHMIDT

### An Appeal from the Circuit Court for Shelby County
### No. 155250 R.D.     Russell Lee Moore, Jr., Special Judge

---

### No. W1999-00434-COA-R3-CV - Filed May 1, 2001

---

### W. Frank Crawford, J., Dissents in Part, Concurs in Part

I concur in part and dissent in part. I dissent in the majority's affirmance of the trial court's award of fifty percent of the increased value of Husband's IRA accounts. The trial court's decision and that of the majority is based on the finding that such increased value constitutes marital property. I do not agree with that conclusion. While I can agree that some IRA accounts or increase therein are marital property, I cannot agree that all IRA accounts are marital property. Because a spouse, prior to marriage, puts separate property in an IRA account as opposed to any other type of investment account, it does not change the nature of the investment. It is still an investment for the owner thereof. When the spouse marries, this does not, in my opinion, *ipso facto* change the involved account into something other than the personal account of the investor.

The definition of "marital property" in T.C.A. § 36-4-121(1)(A)(B) includes any marital funds used by a spouse to fund an IRA account. Those funds and the increase in value thereof would rightfully be subject to a division. However, in the absence of proof that marital funds were added to the separate funds, marital property should be limited to the increase in value attributed to a spouse's contribution, as specified in T.C.A. § 36-4-121(1)(B).

I must respectfully disagree with the unpublished decisions of other sections of this Court cited in the majority opinion holding that an increase in the value of an IRA held separately by a spouse without any marital contribution is marital property. In my opinion, the language in the statute, "the value of vested pension, retirement, or other fringe benefit rights accrued during the period of the marriage," T.C.A. § 36-4-121(b)(1)(B), contemplates the use of marital funds or benefits provided by an employer as a part of the compensation package, which, in and of itself, would be marital funds. Therefore, I would treat the IRA accounts which have no contribution of marital funds in the same manner as the majority treated the non-IRA accounts. The importance of this question in domestic cases warrants review by the Supreme Court.

Moreover, I disagree with the majority that an equal division of marital property in this case is an equitable division. The majority points out that the trial court commented that but for the division of marital property, periodic alimony would be appropriate. I also cannot agree with the trial court on this point. Perhaps some rehabilitative alimony could be justified, but beyond that, I cannot agree.

I concur in the remainder of the majority opinion. Accordingly, I concur in part and dissent part as indicated herein.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.